UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH TAITT,                                  Case No. 14-11826

             Plaintiff,                         Bernard A. Friedman
v.                                              United States District Judge

JOSEPH J. CROSSLEY, JR., *et al*,               Michael Hluchaniuk
                                                United States Magistrate Judge
             Defendants.
_____/

**AMENDED REPORT AND RECOMMENDATION
DEFENDANT'S MOTION TO DISMISS (Dkt. 3), MOTION
FOR INJUNCTION AGAINST FUTURE FILINGS (Dkt. 4),
AND RECOMMENDATION TO TERMINATE ALL
OTHER PENDING MOTIONS (Dkt. 5, 15, 16, 19, 22)**

## I.   PROCEDURAL HISTORY

Plaintiff filed a complaint against Joseph Crossley, Jr., the United States of America, and the Wayne County Treasurer in state court, which was removed by the United States. (Dkt. 1). The United States has now filed a motion to dismiss and a motion for an injunction to preclude plaintiff from filing any more lawsuits against the United States in this Court arising from the issues presented in this lawsuit. (Dkt. 3, 4).[1] These motions have been fully briefed by the parties. (Dkt. 12, 14, 28, 32).

_____

[1] There are a host of other motions pending in this matter, all filed by plaintiff. (Dkt. 5, 15, 16, 19, 22). The undersigned recommends that these motions be terminated, given the recommended relief of dismissal and a filing injunction, as discussed in more detail below.

1

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**, that plaintiff's complaint be **DISMISSED** in its entirety with prejudice, that defendant's motion for injunctive sanctions be **GRANTED**, that the remaining pending motions be **TERMINATED** (Dkt. 5, 15, 16, 19, 22), and that plaintiff be warned that failure to comply with the injunction, should this report and recommendation be adopted, will result in severe contempt of court penalties, including monetary sanctions.

## II.    PRIOR LAWSUITS

Plaintiff has a long history of filing complaints against the United States government and others arising from a series of events in which the Internal Revenue Service (IRS) apparently attempted to collect a tax debt allegedly owed by a "dissolved" corporation known as Smash Wrecking, Inc.  The attempts to collect the debt by the IRS included taking plaintiff's personal tax refund in 2005 and filing levies against property owned by Make Way Construction, LLC, an entity with which plaintiff claims to be "affiliated."  The IRS pursued the matter against Make Way Construction, LLC ("Make Way") based on the theory that Make Way was the alter ego, nominee or transferee of Smash Wrecking.  Plaintiff alleges various errors on the part of the IRS with respect to assessing and collecting the tax debt of Smash Wrecking.  This is the ninth such case filed by plaintiff arising from the same set of facts.

2

In 2004, plaintiff filed a complaint in this Court against the IRS regarding these issues, which was dismissed based on governmental immunity. *Taitt v. Internal Revenue Serv.*, Case No. 04-71091 (E.D. Mich.) (Dkt. 12). In *Taitt v. United States Dep't of Treasury*, Case No. 09-12576 (E.D. Mich.), plaintiff filed a complaint in this Court against the Department of Treasury involving the same facts, which was dismissed because the Court determined that plaintiff was attempting to represent the interests of a limited liability company (LLC) without an attorney. *Id*. at Dkt. 40. Next, in 2011, plaintiff filed a complaint in this Court against the United States involving the same facts, which was dismissed both because plaintiff was again attempting to represent the interests of an LLC without an attorney and, to the extent she had any personal interest, based on *res judicata*. *Taitt v. United States of America*, Case No. 11-10760 (E.D. Mich.) (Dkt. 35).

In 2012, plaintiff filed three more lawsuits arising from the same facts. The first suit was filed in state court and removed by the United States on March 21, 2012. *Taitt v. United States of America*, Case No. 12-11270 (E.D. Mich.) (Dkt. 1). This matter was dismissed by the Court because plaintiff was attempting to represent the interests of an LLC without an attorney. *Id*. at Dkt. 22. Next, in *Wayne County Treasurer v. Taitt*, Case No. 12-11488 (E.D. Mich), plaintiff removed an action filed against her in state court. She then filed a motion to join the United States as a party. *Id*. at Dkt. 13. The motion for joinder was denied and

3

ultimately, the matter was remanded to state court. *Id*. at Dkt. 17.[2]  Third, in *Taitt v. United States of America, et al.*, Case No. 12-15510 (E.D. Mich.), plaintiff filed yet another lawsuit based on the same facts, which was again dismissed because plaintiff, a non-lawyer, was attempting to represent the interests of an LLC. *Id*. at Dkt. 5.  The Court also noted that three such prior actions had been dismissed. *Id*. Plaintiff appealed this matter to the Sixth Circuit Court of Appeals, who found that plaintiff did "not have a non-frivolous argument that her action should not have been dismissed." *Id*. at Dkt. 18.  Indeed, the Court of Appeals concluded that she did not have standing to sue for relief. *Id*.

In 2013, plaintiff was involved in two additional lawsuits arising from the same facts.  The first is *Gatewood v. Taitt*, Case No. 13-11102 (E.D. Mich.), which was removed to federal court after plaintiff filed a third-party complaint against the United States.  The Court granted the United States' motion to dismiss based on sovereign immunity, declined to exercise supplemental jurisdiction over the supplemental claims, and remanded the remaining claims to state court. *Id*. at Dkt. 26.[3]  Second, in *Gatewood v. Taitt*, Case No. 13-11181 (E.D. Mich.), plaintiff removed another state court matter to federal court in which the United States was

---

[2]  Plaintiff filed an appeal with the Sixth Circuit Court of Appeals, which was dismissed for lack of subject matter jurisdiction.  *See* Case No. 12-11488 (E.D. Mich.), Dkt. 29.

[3]  Plaintiff filed an appeal in the Sixth Circuit Court of Appeals, which was dismissed for failure to submit the proper filing fee.  *See* Case No. 13-11102 (E.D. Mich.), Dkt. 44.

4

brought in as a third-party defendant.  *Id*. at Dkt. 1.  In that case, the Court

remanded the matter to state court after finding no basis for subject matter

jurisdiction.  *Id*. at Dkt. 15.[3]

## III.   MOTION TO DISMISS

The Court will first address plaintiff's claims that the removal was improper

and this Court has no subject matter jurisdiction.  Specifically, plaintiff argues that

defendant failed to comply with the rules of the state court prior to the removal of

this action to the federal district court.  The Michigan Supreme Court

Administrative Order 2011-1(6)(b) provides that all documents filed with the court

must be e-served to the parties.  According to plaintiff, the notice of removal filed

by defendant with the state court was not e-served to plaintiff as required by the

administrative order.  Without properly effectuating the removal, plaintiff asserts

that this Court lacks subject matter jurisdiction over defendant's claims.

Defendant argues that even if the United States failed to follow a state procedural

rule, that does not affect this Court's jurisdiction over the case, because it was

properly removed according to the procedure prescribed in 28 U.S.C. § 1446.  *See*

*Richter v. U.S. Postal Serv.*, 2013 WL 6048918, at *2 (D. Neb. 2013) (finding

removal proper where it complied with the requirements in 28 U.S.C. § 1446(a)

---

[3] Plaintiff filed an appeal with the Sixth Circuit Court of Appeals, which was dismissed for lack of subject matter jurisdiction.  *See* Case No. 13-11181 (E.D. Mich), Dkt. 26.

despite plaintiff's argument that Notice of Removal did not bear the county court seal). Additionally, defendant electronically filed its Notice of Filing Notice of Removal, notice of which was electronically served on the e-filing participants. (Dkt. 23, Ex. 1, Notice of Electronic Filing in State Court Action). According to defendant, a copy of the Notice of Electronic Filing was also mailed to plaintiff as part of a packet, containing the Notice of Filing Notice of Removal and the Notice of Removal with attachments. In the view of the undersigned, plaintiff fails to identify a defect in the removal that would deprive the Court of jurisdiction to decide the motion to dismiss.

Plaintiff also argues that the removal was improper because there was an entry of default against defendant in the state court action, which has not been set aside. According to defendant, plaintiff is well aware that this argument is frivolous and has been rejected in other cases where she has asserted it. For example, in Case No. 13-11102, the Court granted the United States' motion to dismiss notwithstanding plaintiff's argument regarding the entry of default. Plaintiff offers no evidence that a default was entered in state court against the United States. Rather, she submits the Notice of Default that she signed and her supporting affidavit. (Dkt. 28-3, 28-4). However, there is nothing suggesting that a default was actually entered against defendant. Moreover, plaintiff provides no authority to suggest that even if a default had been entered against defendant, that

6

would somehow preclude defendant from removing the action. This is simply not so. *See e.g.*, *Hawver v. United States*, 2014 WL 1405221 (E.D. Mich. 2014) (Court had jurisdiction to address the motion to set aside the default entered in state court after the matter had been timely removed to federal court). Again, in the view of the undersigned, plaintiff fails to identify a defect in the removal that would deprive the Court of jurisdiction to decide the motion to dismiss.

As to the substance of the motion to dismiss, defendant asserts that this matter should be dismissed for the same reasons as many of the prior cases – plaintiff is not able to represent an LLC in federal court without an attorney. Indeed, as noted in many previous decisions dismissing plaintiff's claims, the Supreme Court has recognized that federal law requires that "corporations, partnerships, or associations" or any "artificial entity" appear in federal courts only through counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). Similarly, limited liability companies have been determined to be a type of artificial entity such that the interests of that entity be represented in federal court only through counsel. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). While plaintiff claims that none of this history is material to the present lawsuit, the undersigned finds no basis to conclude that this matter should be resolved in any fashion other than dismissal based on plaintiff's continued attempt to represent an LLC without an attorney and based on *res judicata*, as set forth in

7

Case No. 11-10760.  Thus, the undersigned recommends dismissal of this entire

matter, with prejudice, based on the prior dismissals of these claims by this Court,

and as affirmed by the Court of Appeals.

## IV.   MOTION FOR INJUNCTIVE SANCTIONS[4]

When a litigant abuses the judicial system by repeatedly filing frivolous

lawsuits or motions, sanctions are appropriate.  *Gueye v. U.C. Health*, 2014 WL

4984173, *7 (S.D. Ohio 2014).  Federal courts have the inherent power to impose

appropriate sanctions, including restrictions on future access to the judicial

system, to deter future frivolous, harassing or duplicative lawsuits.  *Id*. citing

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d

1145, 1146 (6th Cir. 1987); *Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396

F.3d 525, 528 (2d Cir. 2005); *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir.

1997).  As explained in *Gueye*, while the Court may not absolutely foreclose an

individual from initiating an action or pursuing an appeal in federal court, *Ortman*

*v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose pre-filing

restrictions on an individual with a history of repetitive or vexatious litigation.

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998); *Ortman*, 99

---

[4] Defendant has only requested a filing injunction against federal court actions, not state court actions.  Thus, the Court need not decide whether such relief would be available and appropriate under the All Writs Act.  *See Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court.").

F.3d at 811.  Indeed, a district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing.  *Gueye*, at *7, citing *Filipas*, 835 F.2d at 1146; *see also Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

The test for sanctions "is whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002).  This standard is an objective one: "an individual's subjective good faith belief in the merits of a case is not enough to prevent a violation of Rule 11 and possible Rule 11 sanctions." *Brooks v. Whirlpool Corp.*, 2011 WL 3684774 at *7-8 (W.D. Tenn. 2011), citing *Tapfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2002).  It is well-settled that Rule 11 applies to both attorneys and *pro se* litigants.  *Brooks*, at *8.  "The signer's experience or inexperience will not revoke a sanction imposed under Rule 11 but may affect the severity of the penalty." *Id*. "Sanctions are appropriate where, as here, the claims being asserted are clearly barred by the doctrine of res judicata." *Snyder v. All-Pak*, 2006 WL 2993420 at *4 (N.D. Ohio 2006), citing *Pittman v. Mich. Corr. Org.*, 123 Fed.Appx. 637 (6th Cir. 2005); *Hulen v. Polyak*, 1985 WL 14104, *2 (6th Cir. 1985) (upholding sanctions where "[p]laintiff unequivocally knew that a court of competent jurisdiction had already entertained litigation involving the identical subject matter, issues and

9

parties;" noting "[u]nder these circumstances it is reasonable to conclude that this appellant did not have a good faith belief that her suit was well founded.").  Here, there is no question that plaintiff has been told in multiple lawsuits by multiple judges and the Sixth Circuit Court of Appeals that, to the extent she had any personal claims, they were barred by *res judicata* and that she cannot represent the interests of an LLC without a lawyer.  Plaintiff's conduct is not reasonable and for these reasons, and as discussed in more detail below, sanctions are warranted.

In this District, the Court must also consider five factors to determine whether an injunctive sanction should be imposed to limit a litigant's future access to the federal courts:

1. The litigant's history of litigation and in particular whether it entails vexatious, harassing, or duplicative lawsuits;

2. The litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?

3. Whether the litigant is represented by counsel;

4. Whether the litigant caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

5. Whether other sanctions would be adequate to protect the courts and the other parties.  Ultimately the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and

harass other parties.

*Tropf*, 289 F.3d at 940 n. 18, citing *Ortman v. Thomas*, 906 F.Supp. 416, 424 (E.D. Mich.1995), *aff'd*, 99 F.3d 807 (6th Cir. 1996).  Here, the Court finds that other than the fact that plaintiff has been representing herself in this matter, the remaining four factors weigh heavily in favor of an injunctive sanction against her. As stated above, eight previous civil cases have been duplicative in terms of subject matter, parties and claims.  Because several of her prior cases were dismissed on the merits, for lack of subject matter jurisdiction, and because of plaintiff's persistence in pursuing claims of an LLC without an attorney, plaintiff had no objective good faith basis for believing she would prevail in this case.  Her numerous cases, as well as the myriad motions and briefs she has filed here and in those cases, have caused defendants, other parties, and this Court to expend vast amounts of time and energy to address and resolve those issues.  Thus, the undersigned concludes that an injunctive sanction is necessary to protect the interests of litigants as well as the integrity of the judicial process.

Plaintiff's status as *pro se* is not enough to overcome the overwhelming evidence that an injunctive sanction is appropriate.  Plaintiff is obviously very intelligent and has a sufficient understanding of the court rules and procedures to understand the vexatious nature of her filings.  Moreover, given plaintiff's persistence, over the course of nearly 10 years, lesser sanctions would not be

11

effective.  Thus, the Court concludes that plaintiff should be enjoined from filing, in federal district court, any civil lawsuit alleging or asserting factual or legal claims based on, or arising from, the transactions or conduct at issue in the actions cited above, without first applying for and obtaining a court order authorizing her to file such lawsuit.  *See e.g.*, *Tropf*, 289 F.3d at 940; *Ortman v. Thomas*, 99 F.3d 807, 811 (1996); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998); *Callihan v. Commonwealth of Ky.*, 36 Fed.Appx. 551, 553 (6th Cir. 2002).

## V.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**, that plaintiff's complaint be **DISMISSED** in its entirety with prejudice, that defendant's motion for injunctive sanctions be **GRANTED**, that the remaining pending motions be **TERMINATED**, and that plaintiff be warned that failure to comply with the injunction, should this report and recommendation be adopted, will result in severe contempt of court penalties, including monetary sanctions.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

12

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 20, 2014                     s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

13

## **CERTIFICATE OF SERVICE**

I certify that on <u>October 20, 2014</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Deborah Taitt, Laura Beckerman, Lynn Marie Dodge, Richard G. Stanley.</u>

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

14