UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH TAITT,

      Plaintiff,                            Civil Action No. 14-CV-11826

vs.                                    HON. BERNARD A. FRIEDMAN

JOSEPH J. CROSSLEY, JR., et al.,

      Defendants.

_____/

**ORDER OF DISMISSAL**

        This matter is presently before the Court on the motions of defendant United States to dismiss the complaint [docket entry 3] and for an injunction against frivolous filings [docket entry 4]. Magistrate Judge Michael Hluchaniuk has issued a Report and Recommendation ("R&R") in which he recommends that both motions be granted. Plaintiff has filed objections, to which defendants have not responded. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo those portions of the R&R to which proper objections have been made.

        Plaintiff commenced this action by filing a "complaint to quiet title" [docket entry 1]. She claims to "hold[] a lien interest in the subject property," 17327 Indiana in Detroit, Michigan, by virtue of a "Claim of Lien for improvements on the subject property." Comp. at 1, 2.[1] Plaintiff

---

[1] A copy of the Claim of Lien, which plaintiff filed with the Wayne County Register of Deeds on September 25, 2013, is attached to the complaint as Exhibit B. Therein plaintiff claims to have furnished the owner of the property, Make Way Construction, LLC, "Miscellaneous Repairs and Painting" worth $2,665.34 between August 12 and September 10, 2013. The Court notes that in other cases plaintiff has filed with this Court, plaintiff has indicated she is a member of this LLC. *See, e.g., Taitt v. U.S.,* 11-10760 (E.D. Mich.) (docket entry 34, p. 3); *Taitt v. U.S.,* 09-12576 (E.D. Mich.) (docket entry 36, p. 1). Records of the Wayne County Register of Deeds show that in 2003 plaintiff purchased the property from Smash Wrecking and then sold the property to Make Way Construction.

alleges that defendant United States has "imposed federal tax liens on the subject property in an amount of $344,386.66," that defendant Wayne County Treasurer "unlawfully obtained ownership interest in the subject property and transferred the title to the property," and that defendant Crossley "purchased the property from the Wayne County Treasurer and was issued a Quit Claim Deed on April 1, 2014." Compl. at 2. For relief plaintiff seeks "a declaratory order stating the rights of all the parties." *Id.* at 9.

At pages 4-6 of the complaint plaintiff goes on to make the same allegations she has made in previous cases filed with this Court concerning the alleged statutory and constitutional violations committed by the Internal Revenue Service in connection with these tax liens, which were first assessed in 2004 against Smash Wrecking, Inc., and then, in 2008, against Make Way Construction, LLC, as an alter ego of Smash Wrecking. On several prior occasions this Court has held that plaintiff, a non-attorney member of the LLC, may not appear on behalf of the LLC and has no standing to object to liens assessed against the LLC. The instant lawsuit is nothing more than a thinly veiled attempt to circumvent the Court's prior rulings on this issue. Plaintiff may not challenge these tax liens. Only the LLC itself may do so and only by counsel.

At pages 7-8 of the complaint plaintiff challenges the legality of the tax foreclosure proceeding which the Wayne County Treasurer brought in Wayne Circuit Court in 2011 against the subject property for nonpayment of property taxes. Plaintiff alleges the county treasurer in foreclosing on the property denied her due process. Plaintiff made these claims previously in *Wayne County Treasurer v. Taitt*, 12-11488 (E.D. Mich.), which this Court remanded to Wayne Circuit Court after plaintiff's improper removal. As these claims were or could have been raised in that case, she is barred by the doctrine of res judicata from raising them here.

2

Moreover, the March 30, 2012, judgment issued by Wayne Circuit Court in the tax foreclosure proceeding, a copy of which was filed in 12-11488 (docket entry 9) and of which this Court takes judicial notice, indicates that the property was forfeited to the county treasurer for nonpayment of property taxes and that "[f]ee simple title to each parcel foreclosed upon in the judgment will vest absolutely in the [county treasurer], without any further rights of redemption, if all the forfeited delinquent taxes, interest, penalties and fees foreclosed against the parcel are not paid to the Country Treasurer within 21 days of the entry of this judgment." Plaintiff does not allege that Make Way Construction paid the delinquent taxes, interest, penalties and fees within the 21-day period. Therefore, on April 21, 2012, title to the property vested absolutely in the county treasurer.[2] Plaintiff's Claim of Lien, dated September 21, 2013, falsely states that Make Way Construction owned the property at that time. Even assuming the Claim of Lien is true and correct in its other representations, and that plaintiff fully complied with all of the statutory requirements applicable to construction liens, *see* Mich. Comp. Laws §§ 570.1101 *et seq.*, it fails to create any effective lien because the property owner, the Wayne County Treasurer, is not identified. Any improvements plaintiff may have made to the property between August 12 and September 10, 2013, were a gift to the property's then owner (the county treasurer), as plaintiff says the improvements were "furnish[ed] to Make Way Construction, LLC," which at that point had no connection to or interest in the property except as a previous owner.

Plaintiff's final claim is that defendant Crossley, who purchased the property from the county, "does not hold an ownership interest in the subject property" because the tax foreclosure

---

[2] This judgment became "final and unappealable" one year later. *See* Wayne County Treasurer Notice of Judgment of Foreclosure, dated September 18, 2013, attached to plaintiff's objections as Ex. B.

and the subsequent sale were for various reasons unlawful.  Compl. at 8.  Plaintiff has no standing

to make these claims, as she has no interest in the property.  As plaintiff herself acknowledges, Make

Way Construction "legally obtained ownership interest in the subject property in 2003."  *Id.* at 2.

Only Make Way Construction had standing, and only by counsel, to challenge the tax foreclosure.

Further, plaintiff's Claim of Lien does not give her standing for the reason just indicated, namely,

because it is founded on the false premise that Make Way Construction owned the property in

September 2013, while in truth Make Way Construction lost title to the country treasurer on April

21, 2012.  With no interest in the property, as owner, lienholder or otherwise, plaintiff has no

standing to challenge the sale of the property to a third party such as Crossley.  Accordingly,

IT IS ORDERED that the motion of defendant United States to dismiss the complaint

[docket entry 3] is granted, as the complaint is frivolous and fails to state a claim upon which relief

may be granted.

IT IS FURTHER ORDERED that the complaint is dismiss sua sponte as to the

remaining defendants, as the complaint is frivolous and fails to state a claim upon which relief may

be granted.

IT IS FURTHER ORDERED that the motion of defendant United States for an

injunction against frivolous filings [docket entry 4] is denied.

IT IS FURTHER ORDERED that Magistrate Judge Hluchaniuk's Report and

Recommendation is accepted insofar as he recommends granting the United States' motion to dismiss [docket entry 3], but rejected insofar as he recommends granting the United States' motion for an injunction against frivolous filings [docket entry 4].

IT IS FURTHER ORDERED that all other pending motions in his matter are denied as moot.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: December 10, 2014
         Detroit, Michigan

5